UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALLEN R. BARTL, | ) 3:07CV2016 |
| | ) |
| Petitioner | ) JUDGE DAN AARON POLSTER |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| JULIUS C. WILSON, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Allen R. Bartl ("Bartl") filed a petition pro se for a writ of habeas corpus arising out of his 2003 convictions for two counts of rape, in the Sandusky County, Ohio, Court of Common Pleas. (Doc. 1.) Bartl raises three grounds for relief in his petition:

> 1. Petitioner's original sentencing is contrary to law, because the trial court failed to make the statutorily required findings to support consecutive sentences, in violation of petitioner's Constitutional rights under the Fourteenth Amendment.
>
> 2. The imposition of consecutive sentences was improper because petitioner lacked a prior criminal record, thus the minimum sentence should have been imposed. Also, the trial court was required to state on the record its reasons for consecutive sentences.
>
> 3. The trial court on remand, rather than sentencing petitioner to a minimum term, improperly used the resentencing as an opportunity to include the statutorily required findings to support consecutive sentences. The new sentences remain consecutive and exceed the maximum permissible for one offense.

(Doc. 1, at [4-5], paraphrased by court.)

The respondent argues that the petition should be barred because it was untimely filed. (Doc. 8, at 8-12.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

On April 23, 2002, appellant was charged by indictment with 16 counts of rape. The charges arose from allegations that appellant had raped his stepdaughter over a period of four years beginning when she was 10 years of age. Counts 1 through 10 alleged that between 1998 and 2001 appellant had engaged in sexual conduct with a person under the age of 13 and that such sexual conduct was carried out by the use of force or the threat of force in violation of R.C. 2907.02(A)(1)(b). Counts 11 through 16 alleged that appellant had engaged in sexual conduct with a juvenile by purposely compelling the victim to submit by force or threat of force in violation of R.C. 2907.02(A)(2). On May 14, 2003, appellant entered pleas of guilty to counts 11 and 12 of the indictment. The remainder of the indictment was dismissed at sentencing. The trial court sentenced him to terms of nine years and three years, to be served consecutively. On August 8, 2003, appellant filed a timely notice of appeal arguing that the trial court erred in sentencing him consecutively.

In State v. Bartl, 6th Dist. No. S-03-026, 2004-Ohio-3451, this court affirmed appellant's conviction but reversed as to the sentence imposed. Specifically, this court found that the trial court had failed to comply with R.C. 2929.14(E)(4) which requires the trial court, before imposing consecutive sentences, to find that "consecutive sentences are not disproportionate to the seriousness of conduct and to the danger [appellant] poses to the public."

On July 21, 2004, appellant appeared before the trial court for resentencing. On the record, the trial judge stated:

" * * * the court now finds, after reviewing the sentencing of July 22, 2003, and the Court of Appeals opinion, that consecutive sentences are necessary to protect the public from future crime, or to punish the offender, and further finds that consecutive sentences are not

disproportionate to the seriousness of the offender's conduct, and to the danger the offender poses to the public."

The modified judgment entry of sentence filed July 22, 2003 reads:

"The Court imposes consecutive prison terms for the reason that the harm is so great that a single term will not adequately reflect the seriousness of the Defendant's conduct; that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant; and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public."

(Doc. 8, RX 15, at 1-3; State v. Bartl, No. S-04-015, 2005 WL 635036, at *1 (Ohio Ct. App. Mar. 18, 2005).)

## A. Direct Appeal

On Aug. 8, 2003, Bartl filed a timely notice of appeal from his conviction. (Doc. 8, RX 6.) He raised a single assignment of error:

1. The trial court erred and abused its discretion by failing to set forth the law and rationale that supported sentencing the defendant to consecutive sentences, the trial court did not articulate and [sic] adequate basis to impose consecutive sentences upon appellant.

(Doc. 8, RX 8.)

On June 30, 2004, the state court of appeals affirmed his conviction, but remanded to the trial court for resentencing. (Doc. 8, RX 11; State v. Bartl, No. S-03-026, 2004 WL 1468379 (Ohio Ct. App. June 30, 2004).)

On remand, Bartl was resentenced on July 21, 2004, again to consecutive sentences. (Doc. 8, RX 12, at 2.) He appealed his resentencing, but counsel moved to withdraw, based on Anders v. California, 386 U.S. 738 (1967). Counsel raised the following as a possible assignment of error:

3

> 1. The imposition of consecutive sentences was improper in light of R.C. 2929.14 and Defendant/Appellant's lack of prior criminal record.

(Doc. 8, RX 14.) On Mar. 18, 2005, the state court of appeals affirmed his resentencing. (Doc. 8, RX 15; State v. Bartl, No. S-04-015, 2005 WL 635036, at *1 (Ohio Ct. App. Mar. 18, 2005).)

Next, Bartl filed a delayed application for reopening his appeal, pursuant to Ohio App. Rule 26(B), on Nov. 21, 2005. (Doc. 8, RX 16.) He claimed that his application had been delayed because counsel did not advise him that the appellate decision had been journalized. Id. at 2. Bartl argued that his appellate counsel was ineffective because the following assignment of error should have been argued on appeal:

> Under the United States Supreme Court's decision[s] in Blakely v. Washington (2004), 124 S.Ct. 2531; Apprendi v. New Jersey (2000), 530 U.S. 446, 120 S.Ct. 2348, the trial court erred by imposing a non-minimum prison term when the additional findings necessary to impose that term were not found by a jury or admitted by appellant.

Id. at 4. The state court denied his motion to reopen on Dec. 21, 2005. (Doc. 8, RX 18.)

Bartl appealed the denial of his motion to reopen to the Supreme Court of Ohio on Feb. 2, 2006, setting forth two propositions of law:

> 1. Where the failure to timely file an application for reopening is due to counsel's failure to forward to the appellant the journal entry and opinion, or, otherwise informing the appellant of applicable law regarding the appeal, good cause is sufficiently demonstrated.
>
> 2. The trial court erred by imposing a non-minimum sentence to first time offender without affording him the right to have a jury consider whether the findings needed to support the non-minimum sentence;

4

> trial counsel was ineffective for failing to object to the imposition of the illegal sentence; appellate counsel was ineffective for failing to raise error on appeal; and court of appeals erred in dismissing issue when raised in application for reopening.

(Doc. 8, RX 19-20.) On Apr. 26, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 8, RX 22; State v. Bartl, 109 Ohio St.3d 1426, 846 N.E.2d 535 (2006).)

Bartl filed this federal petition for a writ of habeas corpus on July 5, 2007. (Doc. 1.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable

5

>facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Bartl has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

III. STATUTE OF LIMITATIONS

The respondent argues that Bartl's petition should be barred because it was untimely filed. (Doc. 8, at 8-12.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

On July 21, 2004, Bartl was resentenced on remand. (Doc. 8, RX 12, at 2.) He appealed, but on Mar. 18, 2005, the state court of appeals affirmed his resentencing. (Doc. 8, RX 15; Bartl, 2005 WL 635036, at *1.)

Bartl did not seek timely review by the Ohio Supreme Court within 45 days, pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(1). Thus, Bartl's conviction became "final" within the meaning of AEDPA on May 2, 2005. Searcy v. Carter, 246 F.3d 515, 517 (6th Cir.), cert. denied, 534 U.S. 905 (2001). Accordingly,

7

the statue of limitations for filing his habeas petition would have expired one year later, on May 2, 2006.

On Nov. 21, 2005, Bartl had filed for leave to re-open his direct appeal pursuant to Rule 26(B). (Doc. 8, RX 16.) The court of appeals dismissed the application as untimely. (Doc. 8, RX 18.) Subsequently, the Ohio Supreme Court dismissed his appeal of that determination. (Doc. 8, RX 22.)

The limitations period is tolled while "properly filed" state post-conviction or collateral proceedings are pending. Souter v. Jones, 395 F.3d 577, 585 (6th Cir. 2005); Searcy, 246 F.3d at 517-518; 28 U.S.C. § 2244(d)(2). However, an untimely post-conviction or collateral motion is not considered "properly filed" so as to toll the running of the statute of limitations. Williams v. Wilson, No. 03-4404, 2005 WL 2175914, at *3 (6th Cir. Aug. 9, 2005), cert. denied, 547 U.S. 1152 (2006) (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)); Israfil v. Russell, 276 F.3d 768, 771 (6th Cir. 2001), cert. denied, 535 U.S. 1088 (2002) (application for collateral review is "properly filed" when delivery in compliance with applicable rules governing filings); Webster v. Moore, 199 F.3d 1256 (11th Cir. 2000) (per curiam), cert. denied, 531 U.S. 991 (2000); Nichols v. Bradshaw, No. 1:03CV00565, 2006 WL 1805901, at *4 (N.D. Ohio June 29, 2006).

Under Ohio law, a Rule 26(B) motion for reconsideration must be filed in the court of appeals within 90 days of the appellate judgment. State v. Lamar, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), cert. denied, 543 U.S. 1168 (2005); State v. Reddick, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995)

(per curiam). The appellate judgment at issue was entered in March 2005. (Doc. 8, RX 15; Bartl, 2005 WL 635036.) Bartl's application to reopen was not filed until November 2005. (Doc. 8, RX 16.)

Bartl's application was rejected as untimely. Additionally, the court found that he had not shown good cause to excuse the untimely filing. (Doc. 8, RX 18.) Bartl's untimely Rule 26 motion to re-open his appeal does not toll the limitations period.

Therefore, the statute of limitations expired in May 2006. Because Bartl did not file his petition for a writ of habeas corpus until July 2007, he did not file his habeas petition within the one year limitation period. The petition should be denied as untimely filed.

RECOMMENDATION

It is recommended that the petition be denied.

Dated:  July 14, 2008                          /s/ Kenneth S. McHargh
                                               Kenneth S. McHargh
                                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).