**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALLEN R. BARTL,** | ) | Case No.  3:07 CV 2016 |
| | ) | |
| Petitioner, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **JULIUS C. WILSON, WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation (the "R&R") of Magistrate Judge Kenneth S. McHargh.  (ECF No. 9.)  Pending is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person In State Custody (the "Petition"), filed on July 5, 2007 by Petitioner Allen R. Bartl.  **(ECF No. 1.)**

Petitioner Allen R. Bartl pleaded guilty in state court to two counts of rape on May 14, 2003.  The trial court sentenced him to terms of nine years and three years, to be served consecutively.  On August 8, 2003, Bartl filed a timely notice of appeal arguing that the trial court erred in sentencing him to consecutive terms without explaining the reasons why.  The Ohio Sixth District Court of Appeals partially agreed with Bartl, reversing and remanding his sentence but affirming his conviction.  The state appellate court held that the trial court did not comply with O.R.C. § 2929.14(E)(4), which requires the trial court, before imposing consecutive

sentences, to find that "consecutive sentences are not disproportionate to the seriousness of conduct and to the danger [Bartl] poses to the public." *Id.* On remand, the trial court re-sentenced Bartl to the same consecutive prison terms, after explaining the factors underlying the court's judgment. Again Bartl appealed, but the state appellate court affirmed his sentence on March 18, 2005. Bartl did not seek timely review by the Ohio Supreme Court within forty-five days, as required by the Ohio Supreme Court Rules of Practice II, Section 2(A)(1).

On November 21, 2005, Bartl filed an application with the state appellate court to reopen his appeal pursuant to Ohio Appellate Rule 26(B). The state appellate court denied Bartl's Rule 26(B) application on December 21, 2005. Bartl appealed this denial to the Ohio Supreme Court on February 2, 2006. However, the Ohio Supreme Court denied Bartl's Rule 26(B) application and dismissed the appeal on April 26, 2006.

On July 5, 2007, Bartl filed his Petition, which presented three grounds for relief:

> 1. Petitioner's original sentencing is contrary to law because the trial court failed to make the statutorily required findings to support consecutive sentences, in violation of petitioner's Constitutional rights under the Fourteenth Amendment.
>
> 2. The imposition of consecutive sentences was improper because petitioner lacked a prior criminal record, thus the minimum sentence should have been imposed. Also, the trial court was required to state on the record its reasons for consecutive sentences.
>
> 3. The trial court on remand, rather than sentencing petitioner to a minimum term, improperly used the re-sentencing as an opportunity to include the statutorily required findings to support consecutive sentences. The new sentences remain consecutive and exceed the maximum permissible for one offense.

(ECF No. 1, 7.) Respondent filed a Return of Writ on October 16, 2007, arguing that Bartl's Petition is time-barred, pursuant to 28 U.S.C. § 2244(d), and therefore Bartl's Petition should be dismissed. (ECF No. 8.)

On July 14, 2008, Magistrate Judge McHargh issued his R&R concluding that the July 5, 2007 Petition was indeed time-barred and recommending the Court dismiss the Petition. (ECF No. 9.)  He explained that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final."  *Carey v. Saffold*, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  Magistrate Judge McHargh determined that after Bartl appealed the trial court's re-sentencing and the state court of appeals affirmed his re-sentencing on March 18, 2005, Bartl had forty-five days to file his review with the Ohio Supreme Court, but he failed to do so.  Ohio S.Ct. R. II § 2(A)(1). Therefore, Bartl's conviction became "final" under AEDPA on May 2, 2005, forty-five days after the state appellate court decision on March 18, 2005.  Consequently, Magistrate Judge McHargh concluded, the one-year AEDPA statute of limitations for Bartl's Petition expired on May 2, 2006, over a year before the Petition's July 5, 2007 filing date.

> Under the relevant statute:
>
> Within <u>ten days</u> after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (1988) (emphasis added).  Ten days after Magistrate Judge McHargh issued his R&R, Bartl filed a motion seeking an extension of time to file his objections.  Bartl's Motion sought an extra thirty days, which the Court granted.  (ECF No. 10.)  Bartl's new

deadline was August 25, 2008.[1] It is now September 3, 2008, six business days after the Court's deadline and Bartl has filed neither his objections nor another request for an extension of time to file objections.[2]

The failure to timely file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed Magistrate Judge McHargh's comprehensive, well-written R&R and agrees with the conclusion. Furthermore, the Court notes that even if Bartl's November 21, 2005 Rule 26(B) application tolled the running of the one-year AEDPA statute of limitations, the Petition would still be time-barred. The Ohio Supreme Court dismissed Bartl's Rule 26(B) application on April 26, 2006, which under this scenario, would have set April 26, 2007 as Bartl's deadline to file his Petition. Bartl, however, did not file his Petition until July 5, 2007, well after the deadline. Consequently, Bartl's Petition is time-barred under AEDPA, regardless of the applicable dates.

---

[1] The Court granted Bartl's request for a thirty day extension, under which his deadline would have been Saturday, August 23, 2008. Thus, his deadline was actually Monday, August 25, 2008. The Court explicitly clarified the August 23, 2008 deadline in a docket entry dated August 12, 2008, notice of which was mailed to Bartl.

[2] On August 26, 2008, one day after his deadline, Bartl filed a motion **(ECF No. 11)** seeking to stay proceedings and hold his Petition in abeyance, arguing that he needed transcripts from his change of plea and sentencing hearings to determine if his sentence was properly imposed in light of *State v. Simpkins*, 117 Ohio St. 3d 420, 884 N.E.2d 568 (2008). Bartl's argument appears to be that the state trial court may not have noticed Bartl as to the mandatory Post Release Control portion of his sentence, consequently his sentence is null and void, and therefore his one-year AEDPA statute of limitations has not, in fact, expired. Bartl raised these arguments for the first time on August 26, 2008, well after he filed his Petition. Even if the Court were to construe Bartl's motion as his Objections, they are newly-raised arguments that are improperly made at this juncture. The Court declines to address Bartl's newly-raised (and thus untimely) arguments, and his motion **(ECF No. 11)** is denied.

Accordingly, the Court hereby **ADOPTS IN FULL** the Report and Recommendation (ECF No. 9), and **DISMISSES** Bartl's § 2254 Petition for Writ of Habeas Corpus By A Person In State Custody **WITH PREJUDICE (ECF No. 1)**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster   September 3, 2008*
**Dan Aaron Polster**
**United States District Judge**